IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20–cv–03436–RM-KMT

MID-CENTURY INSURANCE COMPANY,

    Plaintiff,

v.

AMERICAN LEGION POST 25 and/or MILLER-KITTO POST 25 – AMERICAN LEGION, INC.,
ROBERT KEMPER,
LLOYD SWIFT, and
CYNTHIA ARBIGE,

    Defendants.

CYNTHIA ARBIGE,

    Counter-Claimant,

v.

MID-CENTURY INSURANCE COMPANY,

    Counter-Defendant.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on the Order to Show Cause, which was issued by this court on April 9, 2021, regarding Plaintiff's failure to file a motion for substitution of Defendant Lloyd Swift, in accordance with Federal Rule of Civil Procedure 25(a). (Doc. No. 19.)

On November 19, 2020, Plaintiff commenced this declaratory judgment action, pursuant to 38 U.S.C. § 2201, against four Defendants—(1) American Legion Post 25 and/or Miller-Kitto Post 25 – American Legion, Inc.; (2) Robert Kemper; (3) Lloyd Swift; and (4) Cynthia Arbige. (Doc. No. 1.) On January 7, 2021, Plaintiff filed a "Suggestion of Death of Defendant, Lloyd Swift," suggesting Defendant Swift's death to have occurred on August 12, 2020. (Doc. No. 5, Ex. A.)

Federal Rule of Civil Procedure 25(a), which governs the substitution of parties in the event of death, provides, in relevant part, as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1); *accord Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990). Rule 25(a)'s ninety-day clock is triggered when the "statement noting the death" is "served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(c); *Hamilton v. Kemper*, No. 17-cv-00882-MSK-STV, 2018 WL 1616808, at *2 (D. Colo. Apr. 4, 2018). Although Rule 25(a) does not identify the nonparties who must be served, courts in the Tenth Circuit have construed the rule "to require the party suggesting death to serve that suggestion on the decedent's successors or representatives." *Hamilton*, 2018 WL 1616808, at *2 (collecting cases); *see Grandbouche*, 913 F.2d at 837 ("[B]ecause the personal representative of decedent's estate did not receive service of any purported suggestion of death, the ninety-day limitations period did not begin to run.").

2

Here, Plaintiff filed a suggestion of Defendant Swift's death on January 7, 2021, indicating that the suggestion of death was also served on Defendant Swift's heirs, thereby triggering the ninety-day period under Rule 25(a)(1). (Doc. No. 5, Ex. B.) More than ninety days have passed since that time. To date, however, neither Plaintiff, nor any other individual or entity, has filed a motion for substitution of Defendant Swift.

On April 9, 2021, this court ordered Plaintiff to show cause as to why its claims against Defendant Swift should not be dismissed, pursuant to Rule 25(a)(1), for failure to file a motion for substitution. (Doc. No. 19.) Plaintiff was warned that its failure to respond and show cause for the failure to file a motion for substitution of Defendant Swift within the time limits prescribed by Rule 25(a)(1) would result in this court issuing a recommendation to dismiss its claims against Defendant Swift. (*Id.* at 3.)

On April 23, 2021, Plaintiff filed a Response to the Order to Show Cause, stating that the "declaratory action Summons and Complaint, along with the Suggestion of Death were personally served" on three individuals who are "known heirs" of Defendant Swift: (1) Kourtney Swift; (2) Beverly Swift; and (3) Terry Swift. (Doc. No. 20 at 1-2.) In the Response, Plaintiff reports that Kourtney Swift was personally served with those documents on January 17, 2021, meaning that the deadline for that individual to file a motion for substitution already lapsed, on April 17, 2021. (*Id.* at 1; *see* Doc. No. 6.) Plaintiff likewise reports that Beverly Swift and Terry Swift were each personally served with the same documents on January 28, 2021, making any potential motion for substitution from those individuals due on April 28, 2021. (*Id.* at 1-2; *see* Doc. Nos. 13-14.) Plaintiff also informed the court of its intention to file a motion for default

judgment as to Defendant Swift, in the event no motion for substitution was filed by April 28, 2021. (*Id.* at 2.)

In light of Plaintiff's Response to the Order to Show Cause, on April 23, 2021, this court extended the deadline for any party, including any of Defendant Swift's successors or representatives, to file a motion for substitution, up to and including April 28, 2021. (Doc. No. 21.) Plaintiff was explicitly warned that, if a motion for substitution of Defendant Swift was not timely filed by April 28, 2021, the action against that individual would be dismissed, pursuant to Rule 25(a)(1). (*Id.*)

Instead of filing a motion for substitution, however, on April 28, 2021, Plaintiff moved for default judgment against Defendant Swift, pursuant to Rule 55, purportedly based on "Lloyd Swift's heirs' failure to either answer and/or file a motion for substitution of the Estate of Lloyd Swift." (Doc. No. 23 at 3.) As of the date of this Order and Recommendation, no motion for substitution of Defendant Swift has been filed by any party, or by the decedent's successor or representative, despite this court's extension of the deadline to do so.

The Federal Rules of Civil Procedure makes clear that, if a motion for substitution of a deceased party "is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must be dismissed*." Fed. R. Civ. P. 25(a)(1) (emphasis added). In this case, more than ninety days have passed since Defendant Swift's death was suggested upon the record, and personally served upon each of his known heirs. (*See* Doc. Nos. 5-6, 13-14.) To date, a motion for substitution of Defendant Swift has not been filed, despite multiple warnings from this court regarding the consequences of the failure to do so. (Doc. Nos. 19, 21.) Pursuant to Rule 25(a)(1), the action against Defendant Swift "must be dismissed." Fed. R. Civ.

P. 25(a)(1); *see Herlein v. United States*, 2006 WL 3833936, at *2 (D. Colo. Dec. 27, 2006) (ordering the dismissal of a deceased party under Rule 25(a), where no motion for substitution was timely filed).

Accordingly, it is

**ORDERED** that the Order to Show Cause (Doc. No. 19) is made **ABSOLUTE**. This court respectfully,

**RECOMMENDS** that the claims against Defendant Lloyd Swift be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 25(a).

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 3rd day of May, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge